No. 88-379

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

IN THE MATTER OF THE ESTATE OF
JOSEPH JEROME PHELAN, Deceased.

_____

APPEAL FROM:  District Court of the Twelfth Judicial District,
              In and for the County of Chouteau,
              The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Kevin T Sweeney; Sweeney & Healow, Billings, Montana

    For Respondent:

        John B. Kuhr; Bosch, Kuhr, Dugdale, Warner, Martin &
        Kaze, Havre, Montana

                        _____

                        Submitted on Briefs:  Sept. 29, 1988

                        Decided:   December 29, 1988

Filed:

_____
                Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The District Court of the Twelfth Judicial District, Chouteau County, discharged the Personal Representative of the Estate of Joseph Jerome Phelan from her duties after finding that she did everything required of her. The appellants, Eileen P. Brensdal, Carol P. Nelson, Evelyn Hottenstein, Ruth Cusak, Sylvia Luck, Danise Still, David McDonald, and Eugene A. Phelan, all devisees of Joseph Jerome Phelan, the deceased, appeal the District Court's failure to order the personal representative to gather and to distribute certain family held certificates of deposit. We affirm the District Court.

The two issues raised on appeal are as follows:

1. Whether the Montana courts have jurisdiction to order a personal representative, who is a resident of the state of Washington and who was appointed by a Montana district court, to gather and to distribute a decedent's personal property located in Washington;

2. Whether the District Court properly discharged the Personal Representative after finding that she did everything required of her.

Joseph Jerome Phelan, a resident of the state of Washington, died testate on May 14, 1986, in Seattle, Washington. Phelan's will, prepared and executed in the state of Washington, was dated July 26, 1984. At the time of his death, Phelan owned real property in Montana and personal property located both in the state of Washington and the state of Montana. Joyce Griswold, the Personal Representative named in Phelan's will, offered his will for probate in the District Court of the Twelfth Judicial

District, Chouteau County. The Clerk of the District Court informally admitted the will to probate on June 9, 1986 and appointed Joyce Griswold as the Personal Representative.

Phelan's assets which the Personal Representative offered for probate included an undivided one-third interest in 200 acres of land located in Chouteau County, including Phelan's corresponding mineral interest; $750 payable to the estate by the Joseph Jerome Phelan Trust; capital credits in Hill County Electric Cooperative and Harvest States Cooperatives totalling $420.10; monies advanced to the estate by the Joseph Jerome Phelan Trust to pay specific charitable devises and administrative costs and expenses; and personal property specifically described and devised in the will totalling $865. The majority of Phelan's assets were transferred to the Joseph Jerome Phelan Trust dated April 4, 1984. The trust and trust assets are not involved in this appeal.

Prior to his death, Phelan had opened a checking account in the state of Washington and listed two of his sisters, Joyce Griswold and Ursula King, as authorized signators on the account. Phelan had also purchased bank-issued certificates of deposit at a Washington bank on which Phelan, Griswold, and King were all listed as joint or co-owners. These bank accounts, established by Phelan, totalled $34,926.62 at the time of his death. Following Phelan's death, the banks recognized Griswold and King as the surviving joint tenants and therefore owners of the checking account and certificates of deposit. The Personal Representative did not consider or include the checking account or the certificates of deposit as probate assets in the Montana proceeding.

The Personal Representative petitioned the District Court for final discharge and closure of the probate case.

The appellants, all devisees of Phelan's estate, objected to this petition for final discharge, claiming that the Washington bank accounts had not been properly included in the probate estate. A hearing was held on May 2, 1988 on the Personal Representative's Petition for Final Discharge and the objection made by the devisees to the granting of this petition. The District Court stated that it had no jurisdiction over the Washington bank accounts nor over the parties involved in the joint tenancy bank accounts and therefore granted the Personal Representative's petition for final discharge and ordered this probate case closed.

The first issue raised on appeal is whether the Montana courts have jurisdiction to order a personal representative, who is a resident of the state of Washington and who was appointed by a Montana district court, to gather and to distribute a decedent's personal property located in Washington.

No controversy exists as to Phelan's domicile. Phelan's will was prepared and executed in the state of Washington and he was a Washington resident at the time of his death. While Phelan owned an undivided one-third interest in 200 acres of land, including the mineral interest, in Chouteau County, Montana, the majority of Phelan's personal property was located in the state of Washington. The Personal Representative brought the original probate proceeding to the District Court of the Twelfth Judicial District, Chouteau County, Montana.

The majority of Phelan's personal property was specifically devised by Phelan's will. The record reveals that no dispute exists as to the distribution of the specific devises. The record also reveals that the Personal Representative gave notice to the creditors in Montana, conducted an inventory and appraisal, and paid the

appropriate federal and Montana state inheritance taxes. The dispute in this case lies in the two bank accounts Phelan had established in Washington in which he named two of his sisters as joint owners.

The laws of the state of Washington, Phelan's domicile, clearly apply to Phelan's personal assets. In re Smith's Estate (1953), 126 Mont. 558, 563-64, 255 P.2d 687, 690-91. Included among these assets are the Washington bank accounts. The record indicates that the Washington bank accounts may be testamentary in light of the Washington law. The record also indicates that no probate proceedings were initiated in Washington or elsewhere to settle this question. We hold that this Court has no jurisdiction over the Washington bank accounts. We therefore affirm the District Court on this issue.

The second issue raised on appeal is whether the District Court properly discharged the Personal Representative after finding that she did everything required of her. In light of the discussion above, we hold that the District Court did not err by finding that the Personal Representative did everything required of her and therefore did not err in granting the petition to discharge the Personal Representative and to close the estate.

Affirmed.

_William E. Hunt_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_R. C. Gulbrandson_

_F. C. McKinnon_
Justices

- 5 -